IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH ROBERT THOMAS,            )
                                  )
            Plaintiff,            )
                                  )
     vs.                          )    Civil Action No. 13-53-E
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
            Defendant.            )

O R D E R

AND NOW, this 2nd day of January, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

1

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

The Court finds that substantial evidence supports the Administrative Law Judge ("ALJ")'s finding that Plaintiff is not disabled. While the Court does not reach all of Plaintiff's contentions, it does note that the record falls far short of demonstrating that Plaintiff is an individual whose impairments completely preclude him from working. First, the Court finds that substantial evidence supports the ALJ's RFC determination. As explained by the ALJ, the record shows that during the time Plaintiff claimed to be disabled, he was performing labor intensive work which well exceeded the limitations ultimately found by the ALJ, thereby demonstrating his ability to perform work which was more demanding than the type of work the ALJ restricted him to in his Residual Functional Capacity ("RFC") determination. Contrary to Plaintiff's arguments, the Court finds that in making his RFC finding, the ALJ properly evaluated the medical evidence, addressed the relevant and contradictory evidence which existed in the record, adequately explained why certain limitations were not adopted, and properly explained the basis for his assignment of weight to the medical opinions in the record. See Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). Indeed, the ALJ explained that his rationale for not adopting the limitation to sedentary work found by consultative examiner Dr. Kalata was because he found that Dr. Kalata relied too heavily on Plaintiff's subjective complaints which the ALJ found to be unsupported by the objective medical evidence and contradictory to Plaintiff's ongoing work activity, which both demonstrated an ability to perform light work. See (R. 25).

Furthermore, the Court finds no merit to Plaintiff's assertion that the ALJ improperly assigned weight to the findings of a single-decision maker ("SDM"). See Pl.'s Brief (Doc. No. 10 at 15). In his decision, the ALJ noted that the "State agency found that [Plaintiff] has the physical capacity to perform medium-exertional work, and that he has the mental abilities to perform basic work activities" and then cited to Exhibit 4A. (R. 25). First, Exhibit 4A is a Disability Determination Explanation which contains a mental RFC assessment as well as a notation that Plaintiff could perform medium work; this document was completed on December 21, 2010, by Dr. Roger Glover, Ph.D, a state agency psychologist whose opinion clearly is

2

entitled to the assignment of evidentiary weight. See Exhibit 4A (R. 42-49); 20 C.F.R. §§ 416.913, 416.927. Second, while the record does contain a Physical RFC assessment by John Hollenbach, an SDM, Mr. Hollenbach *did not* find that Plaintiff was capable of performing medium work. See (R. 35-41). Indeed, the regulations define "medium work" as the ability to lift no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. See 20 C.F.R § 416.967(c). Mr. Hollenbach, however, found that Plaintiff could only occasionally lift up to 20 pounds and could frequently lift and/or carry objects weighing up to 10 pounds. See (R. 36). These limitations are consistent with light work, which is defined as the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. See 20 C.F.R § 416.967(b). Additionally, Mr. Hollenbach's findings are contained in Exhibit 3A, which the ALJ does not cite to in his decision. See (R. 18-27). Regardless, even assuming that the ALJ improperly assigned weight to Mr. Hollenbach's assessment, this is not a situation where the ALJ chose to credit the SDM's finding over any treating source opinions (because none existed in the record) and Plaintiff therefore cannot demonstrate how the outcome of the case would differ had the ALJ ignored the SDM's finding.

Finally, the Court finds that the ALJ did not err in relying on Social Security Rulings ("SSR") 85-15 and 83-10 in lieu of a vocational expert given (i) his RFC assessment limiting Plaintiff to "jobs requiring simple, little, or no judgment, working with things rather than people," i.e *unskilled work*, and (ii) the fact that the Medical-Vocational Guidelines (the "Grids") specifically contemplate the ability to perform unskilled work which is defined as "work which needs little or no judgment to do simple duties . . . and [requires] little specific vocational preparation and judgment." 20 C.F.R. § 416.968(a). SSR 83-10 states that "the occupational base considered in each rule consists of those unskilled occupations identified at the exertional level in question" and it defines "unskilled work" as "work which needs little or no judgment to do simple duties . . . ." 1983 WL 31251, at *3, 7 (S.S.A.). SSR 85-15 explains that unskilled jobs "ordinarily involve dealing primarily with objects, rather than data or people." 1985 WL 56857, at *4 (S.S.A.). In light of the fact that Plaintiff's non-exertional limitations were merely limitations to unskilled work, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff's non-exertional limitations did not significantly erode the occupational base and accordingly finds that the ALJ did not err in relying on the Social Security Rulings and the Grids in finding that Plaintiff could perform other work.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                                    <u>s/Alan N. Bloch</u>
                                                    United States District Judge

ecf:      Counsel of record